UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------x
KATHY-ANN VAUGHN, et al.,

                Plaintiffs,

    -against-                           MEMORANDUM AND ORDER
                                          06-CV-6547 (ILG)
CITY OF NEW YORK, et al.,

                Defendants.

-------------------------------------------------x

GLASSER, United States Senior District Judge:

Plaintiffs[1] Angela Cammarata ("Cammarata"), Christelene Henry ("Henry"), Emily Francis ("Francis"), and Carol Davis ("Davis") move for an entry of final judgment on their claims, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. Because the Court finds that the standards of Rule 54(b) are not met, the motion is denied and final judgment will not be entered on plaintiffs' claims.

**PROCEDURAL HISTORY**

Plaintiffs Cammarata, Henry, Francis, and Davis, along with Kathy-Ann Vaughn ("Vaughn"), brought an action on December 8, 2006 against defendants the City of New York, the New York City Department of Education, Denise Jennings, and Michele Williams, alleging various causes of action under Title VII, § 1981, and § 1983. On May 24, 2010, the Court granted summary judgment as to Vaughn's Title VII and § 1983 discrimination claims, and as to all Title VII, § 1981, and § 1983 equal protection claims of Cammarata, Henry, Francis, and

---

[1] Unless otherwise qualified, the term "plaintiffs" refers only to the four plaintiffs bringing the present motion, and not to the fifth plaintiff, Kathy-Ann Vaughn.

1

Davis. Vaughn v. City of New York, No. 06-CV-6547 (ILG), 2010 WL 2076926 (E.D.N.Y. May 24, 2010). The Court denied summary judgment on Vaughn's Title VII retaliation claim. Id.

Cammarata, Henry, Francis, and Davis moved on July 2, 2010 for entry of judgment under Rule 54(b). On July 14, 2010, defendants advised the Court by letter that they take no position on this motion.

## DISCUSSION

Rule 54(b) provides that a court "may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."

As an initial matter, plaintiffs' characterization of the remaining claims in this case is not strictly accurate. Plaintiffs describe the status of the claims as follows:

> The dismissal of Plaintiffs Cammarata, Henry, Francis and Davis' claims leaves them without any live claim. The only remaining claim is Vaughn's retaliation claim.

Pls.' Br. 2. In their complaint, however, along with their discrimination and retaliation claims, plaintiffs also brought claims under § 1983 alleging a deprivation of liberty without due process of law in violation of the Fourteenth Amendment. Compl. ¶ 26. Defendants' motion for summary judgment did not address the due process claims, instead focusing exclusively on the discrimination and retaliation claims. The Court's opinion recognized this omission:

> Although defendants ask for summary judgment as to "all of plaintiffs' claims," their memorandum of law is completely devoid of argument as to defendants' § 1983 claims. Because of the substantial overlap between plaintiffs' § 1983 equal protection claims and their discrimination claims under Title VII and § 1981, these claims are fairly within

2

defendants' motion for summary judgment. Plaintiffs' § 1983 due process claims, however, are not addressed by this ruling.

Vaughn v. City of New York, 2010 WL 2076926, at *1 n.1. Thus all plaintiffs still have live § 1983 due process claims. For purposes of considering this motion, the Court will construe plaintiffs' motion as effectively withdrawing their due process claims.[2]

Plaintiffs argue that because their discrimination and retaliation claims are distinct from Vaughn's remaining retaliation claim, a Rule 54(b) certification is appropriate. See Pls.' Br. 2 ("Plaintiffs Cammarata, Henry, Francis and Davis' claims do not otherwise overlap with Vaughn's retaliation claim. Vaughn can prevail at trial even if Plaintiffs Cammarata, Henry, Francis and Davis later lose, and vice-versa."). There is some force to this argument. Vaughn's retaliation claim relies primarily on allegations specific to her and not shared by the other plaintiffs. An appeal of the dismissal of plaintiffs' claims would likely have no impact on the litigation of Vaughn's retaliation claim.

This argument, however, completely ignores Vaughn's dismissed discrimination claims, which she cannot appeal because her retaliation claim is still viable and awaiting trial. Upon the final resolution of her retaliation claim, Vaughn will be able to appeal the dismissal of her discrimination claims and, if she loses on her retaliation claim, appeal that one as well. These claims, unlike her retaliation claim, involve "the same or closely related issues" as do the discrimination claims of the other four plaintiffs. Cullen v. Margiotta, 811 F.2d 698, 710 (2d Cir. 1987). It follows, therefore, that allowing an immediate appeal of the moving plaintiffs' discrimination claims raises the spectre of a likelihood of piecemeal appeals — that is, an appeal of their discrimination claims now and a later appeal by Vaughn of her discrimination claims —

---

[2] Because the motion is denied on other grounds, the Court need not, and does not, hold that plaintiffs have actually withdrawn these claims.

3

which makes Rule 54(b) inapplicable. See Transp. Workers Union of Am., Local 100, AFL-CIO v. N.Y.C. Transit Auth., 505 F.3d 226, 230 (2d Cir. 2007) ("Even if separable, if it appears that a claim already determined could again be subject to review in a subsequent appeal, then Rule 54(b) certification is improper."). If the same issues "are likely to be raised in a subsequent appeal" by another plaintiff, then certification is inappropriate. Id. at 231.

Plaintiffs suggest the possibility of enhanced judicial efficiency if their claims were to be reinstated on appeal in time to be tried together with Vaughn's remaining retaliation claim. Any hypothetical benefit, however, would be negated by a subsequent appeal of Vaughn's dismissed discrimination claims, followed, in the event that that appeal were also successful, by another trial on those claims. The Court thus declines to order entry of final judgment pursuant to Rule 54(b).

## CONCLUSION

For the aforementioned reasons, plaintiffs' motion for entry of final judgment is DENIED.

SO ORDERED.


Dated:   Brooklyn, New York
         September 2, 2010


                                          /s/
                                    I. Leo Glasser
                                    United States Senior District Judge

**Copies of the foregoing memorandum and order were electronically sent to:**

**Counsel for the Plaintiffs**

Ambrose W. Wotorson, Jr.
Law Offices of Ambrose Wotorson
26 Court Street
Suite 1811
Brooklyn, NY 11242-1118

**Counsel for the Defendants**

Isaac Klepfish
NYC Law Department Office of Corp Counsel
100 Church Street
New York, NY 10007